# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| VALERIE VIE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-3620-RWS |
| WACHOVIA BANK, N.A., and | : | |
| BANK OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Temporary Restraining Order [2] and Defendants' Motion to Dismiss [3]. After a review of the record, the Court enters the following Order.

## **Background**

Plaintiff Valerie Vie obtained a mortgage from Country Wide Home Loan in the amount of $127,000 (the "Loan") for property located in Paulding County (the "Property"). (Compl., Dkt. No. [2] ¶ 4.) The Loan was subsequently sold to Bank of America ("BOA" or "Defendant").[1]

---

[1] Plaintiff improperly identifies "Bank of America" throughout the Complaint. The Court will assume Plaintiff intended to assert claims against Bank of America,

Plaintiff alleges that BOA entered into a "Settlement Agreement . . . with the Attorney General of Thirty-nine states" on or about July 10, 2009. (Id. ¶ 5.) Plaintiff further alleges that she would have been entitled to a modification or settlement under this agreement, but did not receive an offer to do so. (Id.) Next, Plaintiff mentions she was "made aware of a federal mortgage relief program called Making Home Affordable Program," which the Court will construe as a reference to the Home Affordable Modification Program ("HAMP"). (Id. ¶ 6.) To qualify for a modification under the program, one must be delinquent in her mortgage payments and must provide the loan servicer with an application and documentation of her income and ability to pay the proposed new monthly payments. (Id.) If approved, the borrower is then required to make three payments on time and in the full amount. (Id.) In an attempt to qualify for a modification, Plaintiff made a series of telephone calls and exchanged "supporting documents" with BOA. (Id. ¶ 7.) However, Plaintiff's documents were "lost or misplaced several times," and Plaintiff was "repeatedly told she did not submit the documents after being told by BOA the package was complete." (Id. ¶ 7-8.) Following this, Plaintiff hired a loan

---

N.A., or BAC Home Loans Servicing, L.P., who was succeeded by merger by Bank of America, N.A. on July 1, 2011. (Defs.' Mot. to Dismiss, Dkt. No. [3-1] at 1.)

2

modification company to assist her in obtaining a modification of the Loan.  (Id. ¶ 8.)  Ultimately, Plaintiff's application was completed and processed by BOA.  (Id. ¶ 9.)   However, Plaintiff did not qualify for the program because the Property was a rental property rather than her primary residence.  (Id. ¶ 10.)  Plaintiff alleges that Defendant BOA "was aware from the beginning that this was rental property," because "Plaintiff's primary residence is with BOA also."  (Id.)  Subsequently, Plaintiff applied for various other modification programs with BOA.  (Id. ¶ 11-12.)  By December 17, 2010, Plaintiff was informed that her application was under review and that the property's foreclosure had been scheduled for February 1, 2011.  (Id. ¶ 12.)  In January 2011, Plaintiff's application was denied because of incomplete documents.  (Id.)  In response, Plaintiff appealed the denial and had the foreclosure postponed.  (Id.)  Then, in April 2011–while Plaintiff was waiting for a modification packet and payment information–BOA's servicing agent Wachovia Bank (collectively with BOA, the "Defendants") foreclosed on the Property.  (Id. ¶ 31.)  The Defendants foreclosed on the Property without Plaintiff's knowledge and she was not notified by her modification company of the foreclosure until June.  (Id.)  Plaintiff alleges that Defendant BOA failed to serve or notify Plaintiff of the

3

foreclosure proceedings at her primary residence, and she reasserts that BOA should have known the Property was not her primary residence. (Id. ¶ 13.)

On October 21, 2011, Plaintiff filed this Complaint and Temporary Restraining Order (the "Complaint"), alleging various causes of action arising out of the foreclosure of the Property. (Dkt. No. [2].) First, Plaintiff claims Defendants "engaged in deliberate deceptive trade practices that violates [sic] the state of Georgia statutes." (Id. ¶ 16.) Second, Plaintiff alleges Defendants breached their contract with Plaintiff to modify the Loan. (Id. ¶ 23-25.) Third, Plaintiff alleges Defendants engaged in fraud by proceeding with the foreclosure despite indicating to Plaintiff that she was under consideration for modification. (Id. ¶ 26-29.) Finally, Plaintiff seeks a temporary restraining order and injunction against Defendants to prevent future sale of the Property.[2] (Id. ¶ 30-35.)

Defendants have now moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. [3].)

---

[2] Plaintiff asserts a claim for wrongful foreclosure for the first time in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss. (Dkt. No. [6] at 3.) Because Plaintiff has not amended her Complaint to reflect this count and she is represented by counsel, the Court will not treat it as a properly pled claim.

4

**I. Motion to Dismiss**

    A. <u>Legal Standard for 12(b)(6) Motion</u>

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (internal citations omitted); <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Ashcroft v. Iqbal</u>, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u>

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Twombly</u>, 127 U.S. at 561 (quoting <u>Conley v.</u>

Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Utilizing this framework, the Court considers, in turn, each of Plaintiff's claims.

### B. Deceptive Trade Practices

First, Plaintiff alleges that Defendants engaged in deceptive trade practices in violation of "state of Georgia statutes." (Compl., Dkt. No. [2] ¶ 16.) Plaintiff, however, has not identified in her Complaint the statutes that form the basis of her claims.

To the extent that Plaintiff intends to assert a violation of the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. §§ 10-1-390 *et seq.*, such claim must fail as a matter of law because "the GFBPA does not apply to residential mortgage transactions." Zinn v. GMAC Mortg., No. 1:05-CV-01747-MHS, 2006 WL 418437, at *4 (N.D. Ga. Feb. 21, 2006); see also Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000)

6

(holding that the GFBPA does not apply in extensively regulated areas of the marketplace such as finance charges and required disclosures by lenders); Chancellor v. Gateway Lincoln Mercury, Inc., 502 S.E.2d 799, 805 (Ga. Ct. App. 1998) ("The General Assembly intended that the [GFBPA] have a restricted application only to the unregulated consumer marketplace and that [the GFBPA] not apply in regulated areas of activity . . . .").

Defendants have also construed Plaintiff's general allegation of deceptive trade practices as a potential claim under Georgia's Uniform Deceptive Trade Practices Act ("UDTPA"), O.C.G.A. §§ 10-1-370 *et seq.* (Dkt. No. [3-1] at 14.) To have standing to seek injunctive relief under the UDTPA, a plaintiff must show, under its plain language, that she is "likely to be damaged" in the future by some deceptive trade practice of the defendant. Bolinger v. First Multiple Listing Serv., Inc., No. 2:10-CV-211-RWS, 2012 WL 137883, at *20 (N.D. Ga. Jan. 18, 2012); see also Silberstein v. Proctor & Gamble Mfg. Co., No. CV-108-003, 2008 WL 4889677, at *4 (S.D.Ga. Nov.12, 2008) ("A plaintiff who demonstrates past harm, but does not allege ongoing or future harm, has not shown that he is likely to be damaged within the meaning of section 10-1-373(a)."). The UDTPA defines "deceptive trade practices" to include various

7

forms of conduct, including "any other conduct which similarly creates a likelihood of confusion or of misunderstanding." O.C.G.A. § 10-1-372(a)(12).

Here, Plaintiff alleges that she "accepted the assurances from BOA that no foreclosure sale would be held." (Compl., Dkt. No. [2] ¶ 17.) Plaintiff further alleges that she "has been the recipient of numerous misleading and contradictory documents." (Id. ¶ 20.) However, Plaintiff fails to allege that she is "likely to be damaged" by any allegedly deceptive trade practices of Defendants in the future; all of her allegations are in the past tense. Moreover, Plaintiff has failed to plead how any of the documents she received were "misleading" or how Defendants' actions support a plausible violation of the Act. Accordingly, Plaintiff's claim for deceptive trade practices is **DISMISSED** for failure to state a claim.

### C. Breach of Contract

Next, Plaintiff alleges that Defendants breached an oral contract with Plaintiff regarding her requests for modification. Specifically, Plaintiff claims that "[s]he was told not to make payment in order to qualify for the program. She accepted the offer and did not mail these payments and the resulting delinquency caused a default and the foreclosure." (Compl., Dkt. No. [2] ¶ 24.)

8

Under the statute of frauds, "[a]ny commitment to lend money" is unenforceable unless it is "in writing and signed by the party to be charged therewith . . . ." O.C.G.A. § 13-5-30(7). Contracts for the sale of land, or any interest in or concerning land must also be in writing to comply with the statute of frauds. O.C.G.A. § 13-5-30(4). Furthermore, "[w]hen a contract is required by the Statute of Frauds to be in writing, any modification of the contract must also be in writing." Walden v. Smith, 546 S.E.2d 808, 810 (Ga. Ct. App. 2001) (citation omitted). Mortgage loan agreements fall within this provision. See Allen v. Tucker Fed. Bank, 510 S.E.2d 546, 547 (Ga. Ct. App. 1998) (applying O.C.G.A. § 13-5-30(7) to an agreement to reinstate or refinance mortgage).

In the present case, any agreement to consider the modification of Plaintiff's loan or to suspend foreclosure falls squarely within the state of frauds. Because Plaintiff has failed to make a plausible showing that a valid written modification existed between the parties, Plaintiff's claim for breach of contract is **DISMISSED**.

D. Fraud

Next, Plaintiff makes a claim for fraud, based on misrepresentations of BOA throughout the course of Plaintiff's requests for loan modification. However, as mentioned earlier, any alleged oral promise to consider a

9

modification of Plaintiff's loan or to suspend foreclosure is unenforceable because it was not in writing as required by O.C.G.A. § 13-5-30. "[O]ne cannot sue in fraud based upon the alleged breach of an oral contract which would itself be unenforceable under the Statute of Frauds." Kamat v. Allatoona Fed. Sav. Bank, 498 S.E.2d 152, 155 (Ga. Ct. App. 1998) (citation omitted). Accordingly, Plaintiff's claim for fraud must be **DISMISSED**.

## II. Temporary Restraining Order

Finally, Plaintiff seeks a temporary restraining order or interlocutory injunction to set aside the foreclosure and prevent any further sale of the Property. (Dkt. No. [2] ¶¶ 30-35.) In order to be entitled to a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003); Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 148 F. Supp. 2d 1326, 1334 (S.D. Fla. 2001). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."

10

United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)). The standard for a preliminary injunction also applies to a request for a temporary restraining order. Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001).

In light of the Court's ruling in Part I of this Order granting Defendants' Motion to Dismiss, Plaintiff cannot show a likelihood of success on the merits of any of her claims. Accordingly, Plaintiff's Motion for Temporary Restraining Order [2] is **DENIED**.

### III. Defendant's Request for Attorney's Fees

Defendants seek an award of attorney's fees incurred in the present action against Plaintiff. The general rule in Georgia is that attorney's fees are not available unless authorized by statute or contract. O'Conner v. Bielski, 701 S.E.2d 856, 858 (Ga. 2010). Having failed to point to any legal basis for an award of attorney's fees, Defendants' request is **DENIED.**

### Conclusion

For the aforementioned reasons, Plaintiff's Temporary Restraining Order

11

[2] is **DENIED**.  Defendants' Motion to Dismiss [3] is **GRANTED**.  The Clerk's Office is directed to close the case.

**SO ORDERED**, this  6th  day of April, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

12